In the Matter of MARY JANTZEN, Appellant, against ROBERT C. WEAVER, as State Rent Administrator, Respondent.

First Department, March 15, 1960.

*Abraham J. Yasgour* for appellant.

*Robert Sugerman* of counsel (*Harold Zucker,* attorney), for respondent.

RABIN, J. P.   The landlord, in seeking to obtain possession of an apartment in a building owned by her, made application to the Rent Commission for a certificate of eviction.   This application was made after the statutory tenant of the apartment removed therefrom after having theretofore notified the landlord, in writing, of her intention to do so.   The tenant had occupied the apartment for some 16 years, during the last 3 years of which another woman, Patricia Barry — who claims to be her niece — lived with her.   After the removal of the tenant, Barry continued in occupancy and tendered the rent to the landlord who refused to accept the same.

The local rent office denied the certificate and on a protest by the landlord, the order of denial was affirmed by the Administrator.   This article 78 proceeding was then instituted resulting in the dismissal of the landlord's petition.

The reason given by the Administrator in his protest opinion for the denial of the certificate, was that the landlord knew of and acquiesced in Barry's occupancy prior to the removal of the tenant.   It has been held that where an occupant of an apartment remains in occupancy *after* the tenant removes, no certificate of eviction will be issued to the landlord, if after such removal, he acquiesced in the continued occupancy.   Such acquiescence can be established by the landlord accepting rent from such occupant, after knowledge of the tenant's removal (see *Matter of 859 Kelly Realty Corp.* v. *McGoldrick,* 284 App. Div. 946; *Matter of Conte* v. *McGoldrick,* 285 App. Div. 868).

It has also been held that where an occupant is a member of the tenant's family, continued occupancy after the removal of the tenant is permitted.   Subdivision 4 of section 56 of the State Rent and Eviction Regulations has apparently been so construed in some cases (*Matter of Waitzman* v. *McGoldrick,* 20 Misc 2d 1085; *Matter of Bierer* v. *Abrams,* 20 Misc 2d 1085).

In the case before us there was no acquiescence in the continued occupancy after the tenant gave up possession. The fact is that the landlord refused to accept rent from Barry after the tenant had removed, thereby negating such acquiescence.

Nor do we have a finding that Barry was in fact a member of the family of the former tenant to justify her remaining in possession. The Local Administrator seemed to be dissatisfied with the mere statement that the petitioner was the niece of the former tenant and asked her to present further proof to sustain her claim of relationship. No further proof was presented. Absent a finding by the Administrator of such relationship, on this record we cannot arrive at the conclusion that Barry was in fact the niece of the former tenant. There is thus no need to pass upon the applicability of subdivision 4 to this case.

It is urged, however, that Barry is entitled to remain because of subdivision 3 of section 56 of the State Rent and Eviction Regulations, which is as follows: "3. No occupant of housing accommodations, other than the tenant, shall be evicted under this section, where the rental agreement between the landlord and tenant contemplated the subletting by the tenant of the entire accommodations or a substantial portion thereof." This subdivision contemplates a subletting by the tenant of "the entire accommodations or a substantial portion thereof" provided that "the rental agreement between the landlord and tenant contemplated the subletting". This case falls far short of coming within the requirements of the subdivision. At the outset it appears that the terms of the lease between the landlord and the tenant — which were carried over to the statutory tenancy — expressly forbade subletting. There is no evidence that the landlord has waived that provision and, even if there had been such waiver, there is no evidence of a subletting. Barry herself gave two conflicting versions of the arrangement with respect to her occupancy. She first advised the Local Administrator that she had paid no rent to her "aunt", whereas she later told the State Administrator that she had regularly paid a monthly rental. That conflict was not resolved by the Administrator and there is no finding as to whether Barry was a subtenant. Nor is there any proof, nor has a finding been made, that Barry occupied "the entire accommodations or a substantial portion thereof" as is required by the subdivision. It is apparent, therefore, that subdivision 3 of section 56 of the State Rent and Eviction Regulations cannot sustain the position of the Administrator on this record.

The record is incomplete both with respect to proof and findings.

Accordingly, the order of Special Term should be reversed on the law, without costs, and the order of the Rent Administrator be annulled and the matter remanded to the Administrator for reconsideration upon further proof, if deemed necessary, and for the Administrator to make new or additional findings.

M. M. FRANK, McNALLY, STEVENS and BASTOW, JJ., concur.

Order unanimously reversed on the law, without costs, and the order of the Rent Administrator annulled and the matter remanded to the Administrator for reconsideration upon further proof, if deemed necessary, and for the Administrator to make new or additional findings. Settle order.